**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4254

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FERMIN GOMEZ-JIMENEZ,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:17-cr-00589-JKB-3)

Submitted:  October 5, 2022                     Decided:  December 29, 2022

Before WYNN and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brent E. Newton, Gaithersburg, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Zachary B. Stendig, Assistant United States Attorney, John J. Truex Chung, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fermin Gomez-Jimenez pled guilty to conspiracy to participate in a racketeering enterprise and using a firearm during and in relation to a crime of violence. At sentencing, the district court imposed a total of 456 months' imprisonment, along with a five-year term of supervised release, $4,700 in restitution, and a $200 special assessment. On appeal, Gomez-Jimenez argues that the court's oral sentence and written judgment are inconsistent with respect to the imposition of $4,700 in restitution. Finding no reversible error, we affirm.

## I.

In September 2019, pursuant to a written plea agreement, Gomez-Jimenez pled guilty to one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d) and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). His plea agreement included a standard appeal waiver in which he waived, among other things, the right to "appeal whatever sentence . . . imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason." J.A. 56.

At the May 18, 2021, sentencing hearing, the district court sentenced Gomez-Jimenez to 456 months of imprisonment and five years of supervised release. It then incorporated the mandatory (or "statutory") conditions of supervised release, as well as the standard conditions of supervised release as set out in the presentence report and the court's standing order. It also pronounced two special conditions of supervised release relating to Gomez-Jimenez's immigration status. The court then stated it would impose no fine and

that "[r]estitution is in order, [and] the government has asked for $4,700, jointly and severally with other defendants in the case." J.A. 149. Prior to the end of the hearing, the district court briefly revisited the restitution issue, setting a payment plan whereby Gomez-Jimenez would "pay restitution in the amount of $50 per month upon his release from incarceration . . . and the commencement of his supervised release term." J.A. 154–55. Neither Gomez-Jimenez nor his counsel objected to the restitution order or the payment plan for restitution.

On May 20, 2021, the district court issued its written judgment. That judgment included the terms of imprisonment and supervised release, as well as the two special conditions of supervised release related to Gomez-Jimenez's immigration status, announced at sentencing. The court inserted the restitution requirements in the section on "Supervised Release Additional Conditions," alongside the two other special conditions, stating that Gomez-Jimenez "must pay restitution in the amount of $4,700.00, in equal monthly installments of $50.00, joint and several with co-defendants." J.A. 171. In the next section on "Criminal Monetary Penalties," the judgment again noted Gomez-Jimenez's restitution obligation and set forth the schedule of payments. J.A. 172–73.

Gomez-Jimenez timely appealed from the judgment, challenging only the imposition of $4,700 in restitution.

II.

In *United States v. Rogers*, we held that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." 961 F.3d 291, 296 (4th Cir. 2020). Therefore, when a discretionary condition of supervised release appears for the

3

first time in a subsequent written judgment, the defendant has not been actually sentenced to that condition, the condition is a nullity, and the proper remedy is to remand for resentencing. *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) (citing *Rogers*, 961 F.3d at 295, 300–01). Gomez-Jimenez claims that the district court committed *Rogers* error when, at sentencing, it failed to designate restitution and the payment plan expressly as discretionary conditions of supervised release.

A.

As an initial matter, the Government argues that Gomez-Jimenez's appeal waiver bars his claim on appeal. The parties do not dispute that the appeal waiver is valid, but as we have previously held, a *Rogers* claim typically falls outside the scope of a valid appeal waiver. *Singletary*, 984 F.3d at 345. This case is no different. As in *Singletary*, the relevant portion of the appeal waiver here applies only to "whatever sentence is imposed." J.A. 56. But "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have *not* been 'imposed.'" *Singletary*, 984 F.3d at 345 (emphasis in original). Thus, if Gomez-Jimenez prevails on the merits of his *Rogers* claim, he has not been sentenced to the restitution condition of supervised release at all. Because such a claim falls outside the scope of his appeal waiver, we conclude that the appeal waiver does not bar his claim.

B.

We turn to the merits of Gomez-Jimenez's *Rogers* claim. In doing so, we review "the consistency of [Gomez-Jimenez's] oral sentence and the written judgment de novo,

4

comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (quotation omitted).

The transcript is clear that the district court discussed restitution several times at sentencing. Read in context, moreover, the district court's statement that restitution and the payment plan "will be paid upon . . . the commencement of [Gomez-Jimenez's] supervised release term" indicates that these would be conditions of supervised release. J.A. 155. The animating purpose of the *Rogers* rule is to afford the defendant the opportunity to object to the condition in open court, flowing from the right to be present at sentencing. *Rogers*, 961 F.3d at 298. Here, Gomez-Jimenez and his counsel had ample opportunity to object given they were on notice that the district court would be announcing restitution and the payment plan as conditions of supervised release. Because the district court announced restitution and the associated payment plan as part of the sentence, there is no *Rogers* error warranting remand in this case. Moreover, given that Gomez-Jimenez acknowledges that the appeal waiver in his plea agreement precludes a challenge to the restitution order itself, we do not reach issues arising from the restitution order.

### III.

For the foregoing reasons, we affirm Gomez-Jimenez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*